IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEROME WANT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:12cv908 (LMB/TRJ) |
| ) | |
| ST. MARTINS PRESS LLC, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Before the Court are defendant St. Martin's Press, LLC's Motion to Dismiss the Complaint [Dkt. No. 7] and Motion to Dismiss the Amended Complaint [Dkt. No. 23]. In its motions, defendant argues that pro se plaintiff Jerome Want's ("Want") Complaint [Dkt. No. 1] and Amended Complaint [Dkt. No. 22] raise claims that are barred by the applicable statutes of limitations, fail to state valid claims for relief under Fed. R. Civ. P. 12(b)(6), and are otherwise meritless. Defendant's motions provided plaintiff with the proper notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). For the reasons discussed below, defendant's motions will be granted.

I. BACKGROUND

In 2005, plaintiff entered a written contract with defendant for the publication of his manuscript. On September 27, 2010, plaintiff filed a four-count complaint against defendant in state court, alleging (1) breach of contract,

(2) restraint of trade, (3) lack of good faith dealing, and (4) malpractice/failure to properly and effectively publish. Defendant removed the complaint to this Court under the Court's diversity jurisdiction on November 12, 2010. Two months later, plaintiff filed a notice of voluntary dismissal, and on January 14, 2011, his case was dismissed without prejudice. See Want v. St. Martin's Press, LLC, 1:10-cv-01272 (E.D. Va. 2011).

On August 8, 2012, more than 18 months after dismissing the earlier action, plaintiff filed a six-count Complaint in this Court that is almost identical to his 2010 complaint, alleging the same four counts, including (1) breach of contract, (2) restraint of trade, (3) lack of good faith dealing, and (4) malpractice/failure to properly and effectively publish, and adding counts of (5) retaliation and (6) infliction of emotional damage. Compl. at 3-6. On September 4, 2012, defendant filed its first Motion to Dismiss the Complaint, with the proper Roseboro notice to pro se plaintiff.

On October 1, 2012, plaintiff filed his response to the Motion to Dismiss [Dkt. No. 20], as well as a "Supplemental Filing - Amended Complaint" [Dkt. No. 22], which could have been filed as a motion to voluntarily dismiss Count Six of the Complaint because the only substantive change to the Complaint was withdrawal of Count Six, which alleged infliction of emotional damage. Except for Count Six, the five-count Amended

2

Complaint recites the same claims as those set forth in the original federal Complaint. Plaintiff also filed a Petition for Settlement Conference [Dkt. No. 21].

In response, on October 4, 2012, defendant filed a Motion to Dismiss the Amended Complaint, also with the proper Roseboro notice to plaintiff, reiterating the arguments in its original Motion to Dismiss the Complaint. Defendant also opposed plaintiff's petition for a settlement conference [Dkt. No. 24].

II. DISCUSSION

A. Standard of Review

In evaluating defendant's motions to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. Smith v. Sydnor, 184 F.3d 356, 361 (4th Cir. 1999). That requirement, however, applies only to facts, not to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, a party must "nudge[] [his] claims across the line from conceivable to plausible" to survive a Rule 12(b)(6) motion to dismiss. Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

B. Analysis

1. Count One - Breach of Contract

Plaintiff and defendant signed a contract on June 27, 2005,[1] under which defendant agreed to publish plaintiff's manuscript, then entitled, "Saving the Company." Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl. ("Mot. to Dismiss"), Ex. 1 ¶ 1(a). Plaintiff claims that defendant breached its contractual obligations relating to "the title of the book" and efforts to "properly market the book" and "release the book in a timely manner." Compl. at 3; Amend. Compl. at 2-3.

As defendant correctly argues, any claim under a theory of breach of either a written or unwritten contract is time-barred. Although the contract included a choice-of-law provision stipulating that "[t]his [a]greement, and the rights and remedies of the parties with respect to it, shall be governed by the internal laws of the State of New York," Mot. to Dismiss,

---

[1] The Complaint alleges that the original contract was dated "June 25, 2006," but did not attach a copy of the contract. Compl. at 3. The contract attached to defendant's Motion to Dismiss is dated June 27, 2005. See Mot. to Dismiss, Ex. 1 at 1. Because plaintiff does not contest the authenticity of the document that defendant produced, the Court will consider it to be the authoritative document governing the parties' relationship. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) (per curiam).

4

Ex. 1 at ¶ 28, Virginia's statute of limitations applies because Virginia generally treats statutes of limitations as procedural, such that they apply to civil actions based on contracts governed by a separate source of substantive law. See, e.g., RMS Tech., Inc. v. TDY Indus., 64 F. App'x 853, 857 (4th Cir. 2003) ("Statutes of limitations are considered matters of procedure in Virginia courts, unless they are so bound up with the substantive law of a claim that the limitations period is itself considered substantive. . . . Statutes of limitation that apply to traditional rights of action in contract and tort are almost always procedural."). In Virginia, the statutes of limitations for actions arising under written and unwritten contracts are five and three years, respectively, and begin running on the date "when the breach of contract occurs." See Va. Code Ann. §§ 8.01-246, 8.01-230. Because plaintiff's manuscript was published on December 26, 2006,[2] any breach of contract claim had to be filed within five years of the alleged breach, or by December 26, 2011 at the latest.

Although plaintiff filed his first complaint in state court on September 27, 2010, which was within the statute of

---

[2] The Complaint alleges that defendant released the book "one day after Christmas sales season, December 26," Compl. at 4, the book's cover indicates that it was published in 2006, and plaintiff has not disputed defendant's assumption that the book's publication date was December 26, 2006. See Mot. to Dismiss, Ex. 2 at 7 ("Copyright 2006 by Jerome Want").

limitations, after that complaint was removed to federal court, he voluntarily dismissed it on January 14, 2011. Plaintiff did not file the instant complaint until August 10, 2012, far longer than six months after the earlier action's dismissal. See Want v. St. Martin's Press, LLC, 1:10-cv-01272 (E.D. Va. 2011). Under Va. Code Ann. § 8.01-229(E)(3), "[i]f a plaintiff suffers a voluntary nonsuit . . . , the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court." Given plaintiff's delay in re-filing the non-suited complaint, the filing of the earlier action did not toll the statute of limitations. Cf. Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (per curiam) ("Under [Va. Code Ann. § 8.01-229(E)(3)], for [plaintiff's] cause of action to survive, he must have recommenced it within six months following the voluntary dismissal . . . or within the original . . . limitations period. Since he failed to accomplish either, the tolling provisions do not save this action.").

Plaintiff does not address any of defendant's statute of limitations arguments, other than to argue that a six-year statute of limitations applies[3] and that because "the dismissal

---

[3] Plaintiff misquotes an inapplicable statute for the erroneous proposition that the relevant statute of limitations in Virginia

6

order from the state court was dated May 9, 2012," the "complaint was filed within the six months required under Virginia law." Resp. to Def's Mot. to Dismiss, at 3-4. Plaintiff's reference to the May 9, 2012 order of the state court does not save his case. Once a civil complaint is removed to federal court the state case is deemed closed, unless the federal case is remanded to the state court, which did not happen in Want's case. Apparently, Want tried to reinstate his complaint in state court, but that effort was rejected in the state court order of May 9, 2012, which stated:

> It is the opinion of the Court that the instant action was resolved by the United States District Court when it granted Plaintiff's motion for a non-suit, and there is no action pending in this court between the parties as the matter was not remanded to this Court by the District Court for any further action; IT IS THEREFORE ORDERED by the Court that Plaintiff's request to reintroduce this matter on this Court's docket be and it hereby is DENIED and the Clerk is ordered to place this case among the ended files.

Dkt. No. 2, at 3. Because plaintiff plainly "failed to accomplish" the recommencement of his case within six months following his voluntary dismissal or within the original

---

is six years. Resp. to Def's Sept. 19, 2012 Mot. to Dismiss, at 1. The provision he quotes relates only to civil actions brought by the Virginia Attorney General under the Virginia Fraud Against Taxpayers Act, not to civil actions brought by a private party for breach of contract. See Va. Code § 8.01-216.4.

limitations period, "the tolling provisions do not save this action." Scoggins, 760 F.2d at 537.

Even if it were not time-barred, plaintiff's breach of contract claim would fail because the contract vested sole discretion in the matters at issue with the publisher:

> All decisions as to format, style of printing and binding, cover presentation, trademark, logo, imprint, or other identification, retail price, and <u>all</u> other matters involving terms of sale, distribution, advertising and promotion of the Work <u>shall be within the Publisher's sole discretion</u>. The Publisher will consult with the Author with respect to the jacket of the Publisher's edition of the Work, but the final decision in any event shall be the Publisher's.

Mot. to Dismiss, Ex. 1 at ¶2(c) (emphasis added).

Plaintiff characterizes June 2006 e-mail correspondence with an editor at St. Martin's Press, in which the editor appears to have only reluctantly relented to plaintiff's choice of title, as a permanent modification of the contract that was later breached when plaintiff's book was published under a different title. See Amend. Compl. at 2, Ex. 1. That argument fails because the written contract also contained an integration clause identifying it as "the entire agreement between the Publisher and the Author," requiring that any modifications be made "in a writing signed by the party . . . against whom such amendment, modification or waiver is to be enforced." Mot. to Dismiss, Ex. 1 at ¶ 27. Plaintiff does not allege the existence

8

of any signed writings that could constitute enforceable modifications. See, e.g., Kleinberg v. Radian Grp., Inc., No. 01 Civ. 9295, 2002 U.S. Dist. LEXIS 20595, at *4-6, *12-14 (S.D.N.Y. Oct. 29, 2002) (finding a post-contractual promise via e-mail to be ineffective to alter a contract because New York enforces provisions requiring amendments to be signed and in writing), adopted by 240 F. Supp. 2d 260 (S.D.N.Y. 2002); see also DBT GmbH v. J.L. Mining Co., 544 F. Supp. 2d 364, 379 (S.D.N.Y. 2008) ("New York law does not permit oral modification when the original written agreement so provides that modifications must be in writing."). Nor is there any support in the contract for plaintiff's conclusory allegation that defendant possessed and breached a contractual duty to "properly market" his book. Plaintiff accuses defendant of failing to obtain reviews for his book from the Wall Street Journal, but again, the contract gave defendant sole discretion over the book's promotion. See Mot. to Dismiss, Ex. 1 at ¶ 2(c).

Plaintiff also alleges that defendant failed to release his book in a timely fashion, referring to a "verbal agreement between the Plaintiff and the Defendant as to the release time of the book - Fall of 2006." Amend. Compl. at 2. The written contract required publication "within eighteen (18) months after acceptance of the final manuscript." Mot. to Dismiss, Ex. 1 at ¶ 2(a) (emphasis added). Plaintiff does not allege when his

9

manuscript was accepted, but it appears to have been published on December 26, 2006.[4] Thus, even if the manuscript had been accepted on June 27, 2005, the day that the contract was signed, publication occurred within the requisite 18-month period. If that 18-month period had expired, which plaintiff's pleadings do not allege, the contract required plaintiff to file a written demand for publication, after which defendant would have an additional 90 days to publish the manuscript before the contract would terminate and defendant's liability would be limited to the value of any advances already paid. See Mot. to Dismiss, Ex. 1 at ¶ 2(b) (stating that plaintiff's advances "shall be deemed in full discharge of all of the Publisher's obligations to the Author" and that "no other claims, damages or remedies . . . may be pursued"). Because the breach of contract claim is time-barred and not supported by the operative contract and applicable law, it will be dismissed.

### 2. Count Two - "Restraint of Trade"

Count Two appears to refer to an antitrust violation. If so, plaintiff's claim is time-barred because the applicable statute of limitations is four years. Cf. Net Realty Holding Trust v. Franconia Props., Inc., 544 F. Supp. 759, 763 (E.D. Va. 1982) (citing 15 U.S.C. § 15(b); Va. Code Ann. § 59.1-9.14).

---

[4] See supra note 2.

Furthermore, the allegations in Count Two consist of a laundry list of grievances relating to how defendant promoted plaintiff's book; however, the contract specifically provided that such issues were within the publisher's sole discretion. See Compl. at 4; Amend. Compl. at 3-4. Count Two also fails to articulate any facts that could support a theory of deceptive or unfair trade practices under New York, Virginia, or federal law, and does not even offer a "[t]hreadbare recital[] of the elements of a cause of action." Iqbal, 556 U.S. at 678. For these reasons, this count will be dismissed.

### 3. Count Three - "Lack of Good Faith Dealing"

Neither New York nor Virginia law recognize a cause of action for "Lack of Good Faith Dealing" because the implied covenant of good faith and fair dealing does not provide an independent basis for recovery and only duplicates a breach of contract claim. See, e.g., Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 758, 762 (E.D. Va. 2005); Village On Canon v. Bankers Trust Co., 920 F. Supp. 520, 534-35 (S.D.N.Y. 1996). Count Three's allegations that defendant made improper decisions regarding the book's cover design and title, "[a]ttempted to have the Plaintiff withdraw his book," and "[e]ngag[ed] in such offensive and unprofessional conduct as to force the plaintiff to cut off all verbal communications with the company" are conclusory, vague, unsupported by plausible

11

facts, and do not allege any recognized cause of action. Compl. at 5. Therefore, this count will be dismissed.

### 4. Count Four – "Malpractice/Failure to Properly and Effectively Publish"

To the extent that Count Four refers to "malpractice" in its caption, it raises a negligence claim which would be barred by Virginia's two-year statute of limitations. Cf. Va. Code Ann. § 8.01-243(A). Such a negligence claim also fails on the merits because it does not allege a legally recognized duty independent of the contract itself. See Sargent v. N.Y. Daily News, L.P., 42 A.D.3d 491, 493 (N.Y. App. Div. 2007) ("[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated."); Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 507 S.E.2d 344, 347 (Va. 1998) ("A tort action cannot be based solely on a negligent breach of contract."). For these reasons, Count Four will be dismissed.

### 5. Count Five – Retaliation

In Count Five, plaintiff alleges that "[b]y insisting that the publisher keep to the agreement, the Plaintiff was subjected to retaliatory conduct by the publisher, including not properly producing, promoting and publishing his book," "cursing, swearing and threats," and "fail[ing] to release the book in a timely manner making much of the content of the book out of

12

date." Compl. at 6; Am. Compl. at 4. There is no cause of action recognized in Virginia for retaliation outside of the employment context. See, e.g., Miller v. SEVAMP, Inc., 362 S.E.2d 915, 918-19 (Va. 1987) (stating that "the common law fails to provide a generalized cause of action for 'retaliatory discharge,'" and that there are only "precisely defined circumstances" in which such actions are permitted, such as the employment discrimination context or where employees filed safety or health complaints or workers' compensation claims).

To the extent that this Count attempts to invoke a federal cause of action for retaliation in the employment discrimination area, it has failed to allege an employment relationship,[5] that plaintiff engaged in protected activity, or that plaintiff suffered adverse action by his employer for engaging in protected activity. See, e.g., Azkour v. Haouzi, No. 11 Civ. 5780, 2012 U.S. Dist. LEXIS 66497, at *15 (S.D.N.Y. May 11, 2012) (dismissing retaliation claim for lack of employment relationship, a prima facie element of his civil action); Tetreault v. Advanced Fed. Servs. Corp., No. 4:11cv159, 2012 U.S. Dist. LEXIS 49781, at *7 (E.D. Va. Mar. 15, 2012) ("In order to state a retaliation claim a plaintiff must allege that:

---

[5] Such a relationship is belied by the contract itself. See Mot. to Dismiss, Ex. 1 at ¶ 27 ("This agreement creates an independent contractor relationship between the Author and the Publisher . . . .").

13

'(1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of his employer; and (3) the employer took the adverse action because of the protected activity.'" (citations omitted)), adopted by 2012 U.S. Dist. LEXIS 49783 (E.D. Va. Apr. 6, 2012). For these reasons, Count Five will be dismissed.

### 6. Count Six - "Infliction of Emotional Damage"

Plaintiff withdrew Count Six from his Amended Complaint. See Amend. Compl. at 4. Had the Count not been withdrawn, it would have been dismissed as time-barred by Virginia's two-year statute of limitations, cf. Va. Code Ann. § 8.01-243, and for failing to allege facts sufficient to make out a recognized cause of action.[6]

In addition to dismissal with prejudice of pro se plaintiff's complaint, defendant has requested an award of

---

[6] See Compl. at 6; see, e.g., McGuire v. IBM Corp., No. 1:11cv528, 2011 U.S. Dist. LEXIS 100893, at *16 (E.D. Va. Sept. 8, 2011) ("Under Virginia law, a plaintiff alleging 'emotional distress resulting from a non-tactile tort' must prove 'by clear and convincing evidence' that 'the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe.'"); Burba v. Rochester Gas & Elec. Corp., 90 A.D.2d 984, 984 (N.Y. App. Div. 1982) ("[A]n action for tort for the intentional infliction of severe emotional stress may lie 'for conduct exceeding all bounds usually tolerated by decent society' or, as the Restatement states, 'where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" (citations omitted)).

attorney fees, or in the alternative, that this Court impose a pre-filing injunction on plaintiff because he is a "frequent filer." Mot. to Dismiss at 1, 29-30. Although plaintiff has evidently litigated numerous cases in state and federal court, see id. at 1 nn.1-2, his only history with this defendant consists of a similar complaint that he filed in state court in September 2010 and voluntarily dismissed in January 2011, after it had been removed to federal court. Nothing in the record justifies infringing upon plaintiff's right to file suit in unrelated cases, as long as plaintiff has a good faith basis for pursuing the litigation. See, e.g., Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir. 2004) (stating generally that "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," and that "use of such measures against a pro se plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts" (citations and internal quotation marks omitted)).

### III. CONCLUSION

All of plaintiff's claims in both the original and amended complaints are either time-barred, fail to invoke cognizable causes of action, or fail to allege facts sufficient to

15

establish plausible claims capable of surviving a motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons stated above, defendant's Motion to Dismiss the Complaint [Dkt. No. 7] and Motion to Dismiss the Amended Complaint [Dkt. No. 23] will be granted by an Order to be issued with this memorandum opinion.[7]

Entered this 1st day of November, 2012.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[7] Plaintiff has also filed a Petition for Settlement Conference. Because the Court finds plaintiff's Complaint and Amended Complaint to be meritless, any settlement effort would be futile as well as against sound judicial philosophy of helping parties settle litigation that has merit. For these reasons, the Petition for Settlement Conference will be denied.

16